IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv–2500-BNB

LYNN EUGENE SCOTT,

    Applicant,

v.

WARDEN OF THE BUENA VISTA CORRECTIONAL FACILITY,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Lynn Eugene Scott, is a Colorado Department of Corrections (DOC) inmate incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Scott has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1) challenging the execution of his sentence imposed by the state district court on March 24, 2000. Applicant's Motion to Amend Habeas Petition (Doc. No. 6), filed on October 14, 2011, is also pending. Mr. Scott has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    In an Order dated October 4, 2011, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. Respondent submitted a preliminary response on November 14, 2011. Applicant filed a reply on December 1, 2011.

The Court must construe liberally the Application filed by Mr. Scott because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application.

## I. Background and Prior State and Federal Proceedings

On March 24, 2000, Mr. Scott was sentenced by the state district court to a ten-year term of imprisonment with the DOC, followed by a five-year term of mandatory parole. Application, at 2.

Mr. Scott filed a petition for habeas corpus relief in Chaffee County District Court Case No. 09cv88 on August 9, 2009, which the trial court denied in Minute Order on August 25, 2009.[1] Mr. Scott then filed an amended habeas petition asserting that his continued confinement past the expiration of his sentences violated his Fourteenth Amendment due process rights. The state trial court denied the amended petition on September 18, 2009. Applicant sought discretionary relief with the Colorado Supreme Court in a motion filed pursuant to Colo. R. App. P. 21. The Colorado Supreme Court denied Petitioner's Rule 21 motion on December 21, 2009.

In April 2010, Mr. Scott filed a § 2241 Application in this Court that was dismissed without prejudice for Applicant's failure to properly exhaust state remedies. *See* Civil

---

[1] *See generally Lynn E. Scott v. Green, Warden of B.V.C.C.*, Civil Action No. 10-cv-00888-ZLW, Doc. No. 7, at 3 (citing to state court filings contained in Doc. No. 5). The Court may take judicial notice of other habeas actions filed by the Applicant in this Court. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008).

Action No. 10-cv-00881-ZLW (Doc. No. 7; *see also* Doc. No. 10).  In that proceeding, the Court determined that Mr. Scott failed to properly exhaust state remedies because he did not satisfy the fair presentation requirement.  Specifically, the Court found that Mr. Scott presented his claims to the Colorado Supreme Court "for the first and only time in a procedural context in which its merits w[ould] not be considered unless there are special and important reasons therefore, . . .," *see Castille* [*v. Peoples*], 489 U.S. [346,] 351 [(1989)], and failed to demonstrate that the Colorado Supreme Court had considered the merits of his claims (Doc. #7). *See also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (procedure that is discretionary and limited in scope does not constitute fair presentation).

      After his federal application was dismissed without prejudice for failure to exhaust state remedies, Mr. Scott filed another petition for habeas corpus relief, in Chaffee County District Court Case No. 10cv137, challenging the DOC's denial of good– and earned– time credits to which he alleged he was entitled under Colorado law.  *See* Application, Ex. B; Reply, at 8.  On November 2, 2010, the state district court denied Mr. Scott's petition on the procedural ground that it was successive to Mr. Scott's earlier petitions for a writ of habeas corpus filed in the Chaffee County District Court and the Lincoln County District Court, or asserted claims that could have been raised in those petitions. Application, Ex. B.  In the alternative, the state district court denied the petition on the merits.  *Id.*  Mr. Scott then filed a Notice of Appeal with the Colorado Supreme Court pursuant to § 13-4-102(1)(e), C.R.S. (2010).  On August 2, 2011, the Colorado Supreme Court issued a summary order affirming the judgment of the Chaffee County District Court, without explanation.  *Id.*, Ex. A.

Mr. Scott initiated this action on September 23, 2011. He asserts in his § 2241 Application that the DOC has forfeited or failed to award him earned– and good– time credits to which he is entitled, pursuant to COLO. REV. STAT. ("C.R.S.") §§ 17-22.5-301, 302, and 405 (2010). As a result, he contends that he was released to his five-year term of mandatory parole in April 2007 instead of November 2003. Mr. Scott claims that he has been incarcerated past the expiration of his state court sentence, in violation of Colorado law and his federal due process rights. He further maintains that his continued imprisonment constitutes cruel and unusual punishment, in violation of the Eighth Amendment. Mr. Scott seeks immediate release from custody.[2]

Respondents argue in the preliminary response that the Application is untimely. In the alternative, Respondents maintain that Applicant failed to exhaust state remedies for his claims.

## II. AEDPA Time Bar

Respondent contends that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Preliminary Resp., at 5-6. Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]The Court notes that the Motion to Amend (Doc. No. 6) merely clarifies that Applicant is asserting a Fourteenth Amendment substantive due process claim and an Eighth Amendment claim based on the DOC's failure to award him good– and earned– time credits, which has resulted in his incarceration beyond the expiration of his sentence.

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Motions challenging the execution of a sentence under § 2241 are subject to the one-year limitation period and exceptions of § 2244(d).  *See Burger v. Scott,* 317 F.3d 1133, 1138 (10th Cir. 2003). Relevant here is subsection (d)(1)(D) which says the statute of limitations shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Under the most generous interpretation of that subsection, and Respondent does not argue any facts to the contrary, Mr. Scott knew of the factual predicate for his claim no later than August 9, 2009, when he filed his first petition for habeas corpus relief in the Chaffee County District Court.

The Court must next determine whether any of Mr. Scott's state post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while

the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Respondent argues that Mr. Scott's first habeas corpus proceeding did not toll the limitations period because Mr. Scott did not employ proper state court procedures in attempting to exhaust his state court remedies.

Mr. Scott filed a petition for habeas corpus relief in Chaffee County District Court Case No. 99cv88 on August 9, 2009. After the state district court denied his amended petition for habeas corpus relief on September 18, 2009, Mr. Scott sought discretionary relief with the Colorado Supreme Court in a motion filed pursuant to Colo. R. App. P. 21. The Colorado Supreme Court denied Petitioner's Rule 21 motion on December 21, 2009. *Id.* However, the statute of limitations was not tolled between September 18,

2009 and December 21, 2009, because Mr. Scott was not properly using state court procedures when he filed an original proceeding in the Colorado Supreme Court, instead of filing a direct appeal. *See* § 13-4-102(1)(e), C.R.S. (2010) (Colorado Supreme Court has initial jurisdiction over appeals from final judgments in cases seeking a writ of habeas corpus); *see also Barnett*, 167 F.3d at 1323. Notwithstanding, Mr. Scott then filed his second petition for a writ of habeas corpus in the Chaffee County District Court in May 2010 and that post-conviction motion was pending until the Colorado Supreme Court denied relief on August 2, 2011. *See* Reply, at 8. Before the one-year limitation period expired, Mr. Scott timely filed his federal Application on September 23, 2011. Accordingly, the Court declines to dismiss the Application as time-barred.

### III. Exhaustion of State Court Remedies and Procedural Default

Respondent also contends that the Application should be dismissed because Mr. Scott failed to properly exhaust state remedies for his claims. Preliminary Resp., at 3-5.

A state prisoner generally is required to exhaust state court remedies prior to seeking relief pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille*, 489 U.S. at 351. Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A

state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (citations omitted). However, a federal habeas court will not review a claim that has been defaulted in state court on an independent and adequate state procedural ground unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 264-66 (1989)). *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Respondent maintains that because Applicant failed to properly exhaust state remedies in his first state post conviction proceeding, he is not entitled to federal habeas review of claims presented to the state courts in a successive post conviction proceeding. Preliminary Resp., at 4-5.

Mr. Scott's first state habeas petition was not fairly presented to the state courts because he failed to appeal the state district court's order to the Colorado Supreme Court. Instead, he improperly sought discretionary relief with the Colorado Supreme Court pursuant to Colo. R. App. P. 21. *See* Civil Action No. 10-cv-00881-ZLW (Doc. #7; *see also* Doc. #10). Applicant's second state habeas petition was denied by the Chaffee County District Court on the procedural ground that it was successive to Mr.

Scott's earlier petitions for a writ of habeas corpus, or asserted claims that could have been raised in those petitions. In the alternative, the state district court denied the petition on the merits. The Colorado Supreme Court issued a summary order on August 2, 2011, affirming the judgment of the Chaffee County District Court without explanation.

On January 24, 2012, Magistrate Judge Boland issued an order for Applicant to show cause why his claims should not be dismissed as procedurally defaulted. The Court may raise the issue of procedural default *sua sponte*, as long as the Applicant is given an adequate opportunity to respond. *See Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992). Magistrate Judge Boland noted that the state district court had denied Applicant's second state habeas petition on procedural grounds and, alternatively, on the merits. Magistrate Judge Boland explained that the Court must give effect to a state procedural bar even when the state court reaches the merits of a federal claim as a separate basis for its decision. *See Harris*, 489 U.S. at 264 n.10 ("By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); *see also Bradford v. McKune*, 160 F. App'x 738, 742 (10th Cir. 2005) (unpublished) (citing *Harris*); *Alverson v. Workman*, 595 F.3d 1142, 1165 (10th Cir. 2010) (Tymkovich, J., concurring) ("According to *Harris*, the plain statement rule applies even under the circumstances presented in this case, where the state court addressed the merits of the federal claim in addition to finding it waived."); *accord Sochor v. Florida*, 504 U.S. 527, 534 (1992) ("[T]he rejection of [the habeas petitioner's] claim was based on the alternative state

ground that the claim was 'not preserved for appeal'. . . Hence, we hold ourselves to be without authority to address Sochor's claim  . . . ") (emphasis added)).

Mr. Scott filed his response to the Order to Show Cause on February 6, 2012. Relying primarily on *Ylst v. Nunnemaker*, 501 U.S. 797 (1991) and *Cone v. Bell*, 556 U.S. 449, 129 S.Ct. 1769 (2009), he argues that because the state district court reached the merits of his claims raised in the second state habeas petition, this Court may not find that his claims are procedurally barred.

In *Ylst*, the Supreme Court addressed the issue of how federal courts in habeas proceedings are to determine whether an unexplained order by the last state court to be presented with a particular federal claim rests primarily on federal law.  501 U.S. at 801. The Court held: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." 501 U.S. at 803.  The Court went on to explain that "[i]f an earlier opinion 'fairly appear[s] to rest primarily upon federal law,' the federal district court should not find a procedural default "based on a subsequent unexplained order that leaves the judgment or its consequences in place."  *Ylst*, 501 U.S. at 803 (quoting *Coleman*, 501 U.S. at 740).  On the other hand, "where the last reasoned opinion on the claim explicitly imposes a procedural default," the federal habeas court should presume that "a later decision rejecting the claim did not silently disregard that bar and consider the merits."  *Ylst*, 501 U.S. at 803-804.

In *Bell*, the Supreme Court held that if a federal claim is presented twice to the state courts and has been determined previously on the merits, it is not procedurally defaulted, but is instead ripe for federal habeas review.  129 S.Ct. at 1781. In this case,

Applicant's claim was not determined on the merits in the first state habeas proceeding because Applicant did not present it to the Colorado Supreme Court in the procedurally correct manner. As such, *Bell* does not support Mr. Scott's position. Furthermore, in *Bell*, the Supreme Court reaffirmed the well-established legal principle that "federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Id.* at 1780 (quoting *Coleman*, 501 U.S. at 729).

The Court finds that there may be some support in *Ylst* for Applicant's argument, but the Court declines to decide the complicated issue of procedural default because Applicant's claims can be easily dismissed on the merits, based solely on the allegations in the Application. *See Revilla v. Gibson*, 283 F.3d 1203, 1214 (10th Cir. 2002) (federal habeas court may "elect to avoid complex procedural bar issues and resolve the matter 'more easily and succinctly' on the merits.")(quoting *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000)).

**IV. Merits**

Mr. Scott claims that he was denied earned– and good– credits to which he was entitled pursuant to §§ 17-22.5-301, 17-22.5-302, and 17-22.5-405, C.R.S., and that he should have been released to his five-year term of mandatory parole in November 2003

instead of April 2007.[3]  Mr. Scott maintains that his continued incarceration past the expiration of his sentence violates his Fourteenth Amendment due process rights and the Eighth Amendment.

## A. Legal Standards

### 1. 28 U.S.C. § 2241

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."). A district court is only authorized to issue the writ of habeas corpus when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An application for habeas relief may be granted only "when the remedy requested would result in the prisoner's immediate or speedier release from . . . confinement." *Boutwell v. Keating*, 399 F.3d

---

[3]The Court takes judicial notice that a detailed factual and procedural history of Applicant's criminal history, prison disciplinary history, and parole board decisions are set forth in the Order Dismissing Application in *Scott v. Warden of Buena Vista Corr. Facility*, No. 10-cv-02716-WJM, 2011 WL 3705003 (D. Colo. Aug. 24, 2011) (unpublished).  *See Amphibious Partners, LLC*, 534 F.3d at 1361-62.

The Court further notes that the present Application is not successive to Mr. Scott's earlier § 2241 petition.  In his previous petition, Applicant challenged the constitutionality of an October 2007 prison disciplinary conviction that resulted in the postponement of his re-parole date from January 2008 to March 2008.  *Scott*, 2011 WL 3705003 at *3. The Court dismissed the petition on mootness grounds.  *Id.*  A petition is not successive where the previous petition was not adjudicated on the merits.  *See* 28 U.S.C. § 2244(a). Mr. Scott is advised, however, that if he files any further § 2241 actions based on facts of which he was aware when he filed the instant Application on September 23, 2011, the new application will be subject to dismissal as an abuse of the writ, unless he can meet the cause and prejudice or fundamental miscarriage of justice standard. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010); *McCleskey v. Zant*, 499 U.S. 467, 483-84 (1991); *George v. Perrill*, 62 F.3d 333, 335 (10th Cir. 1995).

1203, 1209 (10th Cir. 2005).

Applicant's constitutional claims are grounded on allegations that he was denied earned– and good– time deductions to which he was entitled under Colorado statutes. The Colorado Supreme Court's interpretation of Colorado law is binding on the federal habeas court, unless that interpretation violates federal law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### 2. *Pro Se* Applicant

Applicant is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. Analysis

#### 1. Due process claim

Due process protections apply only when the State has deprived an individual of

a liberty or property interest. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property."). Applicant does not allege that he was deprived of a property interest. A liberty interest may arise from the Constitution itself or it may arise from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 480 (1995), or if the state action inevitably will affect the length of the prisoner's confinement, *id.* at 487.

An offender has no constitutional right to good– and earned– time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison"); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Thus, if Applicant was deprived of a liberty interest, that interest must arise under state law.

Colorado law has not created a liberty interest in good- or earned-time credits. Colorado statutes clearly provide that the award of such credits is discretionary. *See* § 17-22.5-301(4), C.R.S. ("Nothing in this section shall be construed as to prevent the department from withholding good time earnable in subsequent periods of sentence, but not yet earned, for conduct occurring in a given period of sentence."); § 17-22.5-302(1), C.R.S. ("[E]arned time . . . may be deducted from the inmate's sentence. . . . "); § 17-22.5-405(1), C.R.S. (same).

14

DOC inmates are eligible for good-and earned-time deductions, but the time deductions do not constitute service of sentence. *See Rather v. Psithyrus*, 973 P.2d 1264, 1266 (Colo.1999). For inmates, like Mr. Scott, who were sentenced after 1985, the accumulation of good-and earned-time credits determines the inmate's parole eligibility date. *Id.*; *Meyers v. Price*, 842 P.2d 229, 232 (Colo.1992); *see also* § 17.22.5-302(3), C.R.S.; *see also Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo.1990) (prisoners sentenced after 1985 "may be granted or denied parole at the discretion of the Parole Board.")

The Court finds that the DOC's discretionary decision to withhold or withdraw good– or earned– time credits did not inevitably affect the duration of Mr. Scott's sentence, or constitute a major departure from the basic conditions of his incarceration, so as to implicate a constitutionally protected liberty interest. *See Sandin*, 515 U.S. at 485, 487; *Templeman*, 16 F.3d at 370 (denial of discretionary good-time credits does not deprive prisoner of a constitutionally protected liberty interest); *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (where earned time credits are awarded discretionarily under state law, inmate has no constitutionally-protected liberty interest in earning the credits). Accordingly, Mr. Scott cannot maintain a federal due process claim based on the denial of good– and earned– time credits. *See Frazier v. Jackson,* No. 09-1429, 385 F. App'x 808, 811 (10th Cir. July 2, 2010) (unpublished) (rejecting habeas petitioner's due process claim based on his loss of eligibility for earned-time credits under Colorado law where prisoner did not have a protected liberty interest in the credits); *Carter v. Ortiz*, No. 05-1548, 184 F. App'x 682, 684 (10th Cir. June 9, 2006) (unpublished) (same).

**2. Eighth Amendment claim**

Mr. Scott next alleges that the DOC's withdrawal or withholding of good– and earned– time credits constitutes cruel and unusual punishment under the Eighth Amendment. Again, Applicant has failed to demonstrate any entitlement to the credits under Colorado law or the Constitution. To the extent he is complaining about the conditions of his confinement, he may not seek relief in a habeas corpus proceeding. *See McIntosh*, 115 F.3d at 812. Accordingly, it is

ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 1) is dismissed with prejudice. It is

FURTHER ORDERED that Applicant's Motion to Amend Habeas Petition (Doc. No. 6) is DENIED as moot. It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003) (recognizing that the grant of a certificate of appealability is a jurisdictional prerequisite to an appeal from the denial of a § 2241 petition).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  8th  day of     March    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court